SAMUEL W. GUYES v. C. T. COUNCIL AND GERMAIN BERNARD, PARTNERS, TRADING AND DOING BUSINESS UNDER THE STYLE AND FIRM NAME OF BC REMEDY COMPANY.

(Filed 25 May, 1938.)

**Trial § 29a—Form of instruction as to answering of issues held sufficiently full in view of amount of evidence and complexity of case.**

While ordinarily the trial court should instruct the jury separately as to the facts it must find in order to answer each of the issues in the affirmative, where there is a great deal of evidence and numerous ele-

ments constituting the causes of action alleged, it will not be held for error for the trial court to explain the law, recount the evidence, explain what facts would constitute the respective causes of action, state the respective contentions of the parties, and charge the jury as to each issue to answer it affirmatively if the plaintiff had satisfied it by the greater weight of the evidence of the facts essential to establish that particular cause of action as theretofore explained by the court.

APPEAL by plaintiff from *Phillips, J.,* at October Term, 1937, of GUILFORD. No error.

This is an action instituted by the plaintiff against the defendants to recover compensation for personal injuries alleged to have been caused by the negligence and the fraud and deceit of the defendants, who are the manufacturers of a certain proprietary medicine sold under the name of BC.

The defendants manufacture BC, a proprietary medicine, and sell the same to drug stores, soda fountains, filling stations and other retail businesses, for resale to the public. The plaintiff alleges that the defendants, in their advertisements in newspapers and other periodicals and by radio and in the directions upon the packages in which the medicine is sold, and otherwise, falsely represent the medicine to be safe and reliable for use by human beings, without depressing or bad after effects, harmless and nonhabit forming, and that it may be taken with the absolute assurance that it does not contain narcotics. The plaintiff also alleges that the manufacture and sale of BC, containing poisonous and injurious drugs, by defendants without making known and giving warning of the dangerous nature and effect thereof, constituted actionable negligence. He likewise alleges that the advertisements in question constituted negligence and that the defendants were negligent in publishing the directions for use of the preparation; that the preparation was misbranded in violation of the statute and that such misbranding constituted negligence.

The plaintiff offered evidence which he contends tends to support said allegation of negligence and similar allegations in the complaint. The defendants denied the allegations of fraud and deceit and of negligence and offered evidence tending to contradict and rebut the testimony offered by the plaintiff, and tending further to show that said medicine is harmless, is not misbranded, is not narcotic, and is not habit-forming.

At the conclusion of the evidence issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff injured through the negligence of the defendants, as alleged in the complaint? Answer: 'No.'

"2. Was the plaintiff injured through the fraud and deceit of the defendants, as alleged in the complaint? Answer: 'No.'

"3. What compensatory damages, if any, is the plaintiff entitled to recover? Answer: ............

"4. What punitive damages, if any, is the plaintiff entitled to recover?
Answer: ............."

Upon the coming in of the verdict the court below rendered judgment
that the plaintiff have and recover nothing in this action, and that he
be taxed with the costs, and the plaintiff excepted and appealed.

*Guthrie & Guthrie, Hobgood & Ward, and Francis I. Anderson for
plaintiff, appellant.*
*Fuller, Reade & Fuller for defendants, appellees.*

PER CURIAM. The plaintiff has abandoned all except one of his
assignments of error and presents to us for decision but one question:
Does the charge of the court meet the requirements of that part of C. S.,
564, requiring a trial judge to "state in a plain and correct manner the
evidence given in the case and declare and explain the law arising
thereon?"

The court below gave an extended charge, which consumes more than
forty-eight pages of the printed record, in which he carefully and cor-
rectly defined what constitutes fraud and deceit as those terms are related
to the evidence in the cause. He likewise defined negligence as that
term relates to the evidence relied upon by the plaintiff. That is, he
explained to the jury what facts would constitute fraud and deceit and
what facts would constitute negligence under the allegations and evi-
dence in the cause. He then recapitulated the evidence, witness by
witness. This was followed by a full statement of the contentions of
the respective parties.

Then, after explaining the burden of proof, the court charged the jury
directly upon the issues substantially as shown by his charge on the
second issue, which, after quoting the issue, is as follows: "If the plain-
tiff has satisfied you by the greater weight of the evidence that he was
injured through fraud and deceit of the defendants, bearing in mind and
remembering the definition of fraud and deceit and other rules of law
applicable that the court has heretofore more fully explained to you, then
you will answer the second issue 'Yes,'; otherwise, 'No.' "

While the better practice may require the judge to state in his charge
to the jury that if it finds certain recited facts which the plaintiff con-
tends are established by the evidence they would answer the issue in the
affirmative, otherwise in the negative, so that the jury may thus get an
immediate picture of the facts necessary to support an affirmative
answer to the issue, we cannot hold the method pursued by the court
below is a violation of the provision of C. S., 564. There was much
evidence offered and numerous elements enter into and constitute a part
of the alleged fraud and deceit and alleged negligence. It would be
difficult, if not impossible, for a judge to intelligently explain to the jury
the controverted issues except in the manner adopted by the court below.

The plaintiff has had his cause submitted to a jury under a charge which fully explains the law and the evidence, and the jury has rendered a verdict adverse to him. His exceptive assignment of error cannot be sustained.

No error.