STATE v. JOHN FRIDDLE AND GLENN PROCTOR.

(Filed 2 June, 1943.)

**1. Burglary and Unlawful Breaking § 1c—**

Felonious intent is an essential element of felonious breaking and entry with intent to steal. C. S., 4235. It must be alleged and proved and the felonious intent proven must be the felonious intent alleged, which, in this case, is the "intent to steal." The same is true as to larceny.

**2. Burglary and Unlawful Breaking §§ 1c, 10—**

In a prosecution for felonious breaking and entering with intent to steal and for larceny, where defendants contend and offer evidence to prove that they broke into a store and removed a large quantity of sugar, having the day before fully paid therefor to the clerk of the owner, who had prearranged, with the approval of the owner, that defendants should stage the apparent crime to enable the owner to escape ration penalties, a charge that, if a person breaks and enters and takes away property of another, with the consent of his employee, that would not relieve him of all the elements of breaking and entering, and if they broke and entered, with the consent of the clerk and against the will of the owner, they would be guilty, is reversible error.

**3. Criminal Law § 53f: Trial § 32—**

Where the evidence and law arising thereon, in a criminal prosecution, relate to a material, substantive feature of the case, no special prayer for instructions is required, and a failure to properly instruct thereon is error.

**4. Trial § 29a: Criminal Law § 53a—**

The judge, in his charge to the jury, should segregate the material facts of the case, array the facts on both sides, and apply the pertinent principles of law to each, so that the jury may decide the case according to the credibility of the witnesses and the weight of the evidence. C. S., 564.

APPEAL by defendants from *Armstrong, J.,* at September Term, 1942, of GUILFORD. New trial.

Criminal prosecution on indictment charging (1) felonious breaking and entry with intent to steal, under C. S., 4235; and (2) larceny.

The evidence for the State tends to show that the defendants, on or about 21 August, 1942, broke and entered the store building of one J. S. Knight in the nighttime with intent to steal and that they did, in fact, take and carry away six 100-pound bags and seven 60-pound bags of sugar.

The defendants admit that they entered the store building and removed the sugar but they contend, and offered evidence tending to show, that it was by pre-arrangement with one Thurman Jones, a clerk or employee of Knight in charge of the store. Their evidence tends to show that Knight had an excess amount of sugar for which he would

have to surrender ration coupons or else surrender the sugar, unless it was made to appear that the sugar had been stolen; that Jones approached them, explained the situation and stated that if they could report the sugar as stolen they would not be required to surrender coupons. He arranged to sell the sugar to them on condition that they remove it at night. Jones unlocked the window, told them how to enter and the way to go after they had loaded. He also told them that Knight knew about and had consented to the arrangement which he was making. They paid for the sugar on the afternoon of 21 August and removed it that night as directed.

There was a verdict of guilty. From judgment thereon defendants appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. Hampton Price and George A. Younce for defendants, appellants.*

BARNHILL, J. The court, in the course of its charge, instructed the jury as follows:

"The court did instruct you and again instructs you, that if a person takes property with the consent of the owner or breaks into a building with the consent of the owner, that he might be guilty of some other crime, but he would not be guilty of breaking and entering or larceny. But the court likewise instructs that if a person takes the property of another with the consent of his employee or some other person connected with the actual owner, that would not relieve a person of all of the other elements of larceny or breaking and entering the store in this case. And the court instructs you that if you are satisfied by the evidence beyond a reasonable doubt that the defendants in this case, or either of them, broke into this store and took the sugar or any of the sugar mentioned in the bill of indictment therefrom and did so with the consent of Mr. Jones and against the will of Mr. Knight, and you so find beyond a reasonable doubt, the defendants would be guilty of breaking in and entering and larceny."

The defendants except. They also except for that the court failed to state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon, particularly in respect to felonious intent.

The second exception, under C. S., 564, standing alone, is not sufficiently presented. However, the two, in effect, present the same question and are so interrelated that they may be treated as one.

The defendants admit that they broke and entered and that they took and carried away 1,020 pounds of sugar. They deny, however, that they

did so with a felonious intent. Their defense rests upon this contention and the existence or non-existence of this intent was the real and only issue of fact presented. They now challenge the sufficiency of the charge in respect thereto.

Felonious intent is an essential element of the crime defined in C. S., 4235. It must be alleged and proved, and the felonious intent proven, must be the felonious intent alleged, which, in this case, is the "intent to steal." *S. v. Spear,* 164 N. C., 452, 79 S. E., 869; *S. v. Crisp,* 188 N. C., 799, 125 S. E., 529. The same is true as to larceny. *S. v. Arkle,* 116 N. C., 1017; *S. v. Holder,* 188 N. C., 561, 125 S. E., 113.

The court, in the quoted part of its charge, made "against the will of Knight" the test of guilt. Again when the jury returned for further instructions it repeated this charge, adding that "if a person takes the property of another with the consent of his employee or some other person connected with the actual owner, that would not relieve the person of all the other elements of larceny or breaking and entering the store in this case," and further, that if they broke and entered and took the sugar "with the consent of Jones and against the will of Knight . . . the defendants would be guilty of breaking and entry and larceny."

While, perhaps, the consent of the employee "does not relieve the person of all the other elements" of the crime, neither does it burden them therewith. Nor does the fact that the breaking and entry was against the will of the owner create guilt as a matter of law. The intent with which the act was committed is material. The breaking and entry and the taking, it is true, must be without the consent and against the will of the owner. It must also be with felonious intent—here the intent to steal.

The court, in its general charge, explained the essential elements of the two offenses and instructed the jury that "both the taking and the carrying away must be with a felonious intent." It is urged, therefore, that the charge as a whole, when considered contextually, renders harmless any apparent defect in the instructions to which exception is entered. But the absence of any reference to felonious intent in the specific instruction as given is not the primary grounds of complaint.

In neither instruction was a finding of anything more than that the breaking and entry and the taking was against the will of the owner required. And it was categorically stated that the consent of the employee, in the absence of consent of the owner, would not relieve from guilt.

The alleged agreement with the clerk, if true, has a material bearing upon the issue of felonious intent even though the owner did not consent. If Jones made the representations about which they testified and they, relying thereon in good faith, entered the store and removed the sugar,

honestly believing that the owner had consented or that the clerk was authorized to consent thereto, there would be no felonious intent to steal although Knight, in fact, had not consented. At least the jury would be justified in so finding.

Furthermore, there is no evidence that the defendants took anything other than the sugar. Unquestionably Jones had the right to sell and to receive payment. He, according to the defendants, did so in the daytime when sales are ordinarily made. Title then passed to defendants. Hence, upon this state of facts, they did not take and carry away any property of Knight, as alleged.

It follows that the evidence for defendants raised questions affecting the issue of felonious intent. Did Jones authorize the entry? If so, did he do so as a co-conspirator or on his own initiative or was he, in fact, acting for the owner? Did he by his statements mislead defendants and cause them to believe that Knight had consented or to believe that he had the authority to make the agreement? Did defendant take and carry away any property belonging to Knight?

The answer to each question has a direct and material bearing on the issue of criminal intent.

On this phase of the case the court failed to fully explain and apply the law to the evidence offered. On the contrary, it stated to the jury that the consent of the employee, in the absence of the consent of the owner, would not affect the guilt of the defendants. As a result the defendants have been deprived of the full benefit of their defense.

This evidence and the law arising thereon relates to a material, substantive feature of the case. No special prayer was required. *Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170; *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530, and cases cited; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630.

The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, and to bring into view the relation of the particular evidence adduced to the particular issue involved. *Bird v. U. S.,* 180 U. S., 356, 45 L. Ed., 570. The judge should segregate the material facts of the case, array the facts on both sides, and apply the pertinent principles of law to each, so that the jury may decide the case according to the credibility of the witnesses and the weight of the evidence. *S. v. Rogers,* 93 N. C., 523; *S. v. Jones,* 87 N. C., 547; *Guyes v. Council,* 213 N. C., 654, 197 S. E., 121. A failure to do so must be held for reversible error.

The defendants are entitled to a

New trial.