### STATE v. CLAUDE VANCE COOLEY.

(Filed 8 November, 1967.)

**Criminal Law § 114—**

Where defendant is charged with speeding and with resisting arrest, and the court reverses its refusal to quash the charge of resisting arrest and instructs the jury that the evidence and arguments in regard to that count should be disregarded, the fact that there was evidence that the officers beat the defendant with their fists after he had been brought to a stop after the speeding incident cannot constitute an expression of opinion by the court, since all of the evidence relative to the charge of resisting arrest is irrelevant to the charge of speeding, and the court correctly instructs the jury not to consider same.

APPEAL by defendant from *Clark, J.,* Special Criminal Assigned Session 1967 of WAKE.

Defendant was tried in the Recorder's Court of Wake Forest under warrants charging him with operating an automobile at a greater rate of speed than allowed by law, to-wit, 90 miles per hour in a 60 mile per hour zone, and with resisting arrest. From verdict of guilty on both charges, he appealed to the Wake County Superior Court.

In the Superior Court, defendant entered a plea of not guilty as to the warrant charging speeding, and made a motion to quash the warrant charging resisting arrest. The motion was denied and defendant entered a plea of not guilty as to that charge.

Trooper K. A. Cook of the State Highway Patrol testified for the State in substance as follows:

On the night of 21 December 1966, Trooper Cook pursued defendant for about eight-tenths of a mile in a 60 mile per hour zone and clocked defendant's speed at 110 miles per hour top speed. De-

STATE *v.* COOLEY.

fendant stopped when Cook sounded his siren and flashed his light. Defendant, after being placed under arrest, resisted a routine search. Troopers Cook and East then struck defendant with their fists, after which defendant gave no further resistance.

In charging the jury, the judge stated that he had reconsidered the motion to quash and was reversing his ruling thereon. The judge instructed the jurors not to consider the evidence and arguments of counsel as to that charge and to concern themselves only with the charge of speeding.

The jury returned a verdict of speeding 90 miles per hour in a 60 mile per hour zone. Defendant's motions to set aside the verdict as against the greater weight of the evidence, for arrest of judgment, and for a new trial were denied and judgment was entered on the verdict.

Defendant appealed.

*Attorney General Bruton and Staff Attorney (Mrs.) Christine Y. Denson, for the State.*
*Carl C. Churchill, Jr., for defendant.*

PER CURIAM. Defendant's principal assignment of error is that the court committed error by charging the jury as follows:

"Members of the jury, I inform you now that the court has reconsidered the defendant's motion to quash the indictment and reverses its ruling and allows the defendant's motion. So that charge in the separate warrant will not be before you and in that connection, I instruct you that since you have heard some evidence in regard to that charge and the arguments of the solicitor and defense counsel, I instruct you not to let that evidence or argument prejudice you in any respect, either against the State or defendant. Just disregard that and only concern yourself with the one charge of speeding 90 miles per hour in a 60 mile per hour zone."

Appellant contends that this portion of the charge is an expression of opinion as to the credibility of the State's witness, in that his instruction took away from the jury the evidence of assault upon the defendant by the State's witness. We cannot agree. When the court reversed its position and quashed the warrant, it became the court's duty to properly instruct the jury concerning this action.

"The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, and to bring into

view the relation of the particular evidence adduced to the particular issue involved." *State v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751.

It would seem if any opinion were expressed by the court, it was to the defendant's benefit and to the State's detriment.

Defendant had a trial which was without error by an able and fair judge.

No error.