STATE OF NORTH CAROLINA v. JACKIE ELLIOTT

No. 7420SC253.

(Filed 15 May 1974)

**Burglary and Unlawful Breakings § 6— breaking and entering with intent to commit larceny — failure to define larceny**

The trial court in a prosecution for breaking and entering with intent to commit larceny erred in failing to define the crime of larceny in its jury instructions.

APPEAL by defendant from *Copeland, Special Judge,* at the 20 August 1973 Criminal Session of UNION Superior Court.

Heard in the Court of Appeals 16 April 1974.

The defendant was indicted and convicted of the crime of felonious breaking and entering with the intent to commit larceny. The State's evidence tended to show that on the night of 1 July 1973, Mr. Fred McCallum, manager of the Monroe Hardware Company in Monroe, North Carolina, locked all the doors and windows and gave no one permission to enter the store after hours. Officer Charles McManus of the Monroe Police Department testified that an alarm system had gone off in police headquarters indicating that someone was on the premises of Monroe Hardware Company and that he and three other officers went to the scene to investigate. The officers found that a window in the rear door had been broken and the door opened. Beside the door, the officers found a pair of shoes and a hat which the defendant later identified as his. Prior to entering the building, the officers observed the defendant walking around inside the building for about five minutes. During the time the officers were watching, the defendant did not attempt to take any merchandise or conceal any on his person. Officer Benton testified that the rear door had a lock which required a special key to unlock it either from the outside or inside. Three witnesses for the defendant testified that on the night in question he was quite drunk. From a verdict of guilty as charged and a judgment imposing a sentence of five to seven years in prison, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General John R. B. Matthis for the State.*

*Charles D. Humphries for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the failure of the trial court to define, in its charge, the crime of larceny. The charge to the jury was in all other respects excellent, and the trial court did give a detailed charge on the issue of intent. However, nowhere did he define the term "larceny" which is a vital element of the crime of breaking and entering with the intent to commit larceny. This was error, and we award a new trial. See *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1967); *State v. Hickman,* filed in the Court of Appeals on 1 May 1974.

New trial.

Judges MORRIS and VAUGHN concur.