STATE OF NORTH CAROLINA v. LASH LARUE HAMMONDS

No. 7818SC472

(Filed 17 October 1978)

**Burglary and Unlawful Breakings § 6.3— breaking and entering with intent to commit larceny—failure to define larceny**

> The trial court in a prosecution for breaking and entering with intent to commit larceny erred in failing to define the crime of larceny in its jury instructions.

APPEAL by defendant from *Long, Judge*. Judgment entered 9 February 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 September 1978.

Defendant was convicted of felonious breaking and entering. He was not represented by an attorney at trial. The State's evidence tended to show that two High Point police officers answered a silent alarm at 5:50 a.m. at the Westwood Furniture Company on 21 July 1977. The defendant was inside the building and told one of the officers that he was opening the building for the day's work. A few minutes later defendant walked away from the building and was arrested by the officers. Defendant had never been employed by the Westwood Furniture Company. Defendant, testifying as his only witness, claimed that he had never been in the Westwood Furniture Company building and was at home in bed at the time of the alleged illegal entry.

Judgment imposing an active prison sentence was entered. Defendant was then found to be indigent, and counsel was appointed to perfect his appeal to this Court.

*Attorney General Edmisten, by Associate Attorney C. Jan Napowsa, for the State.*

*Assistant Public Defender Frederick G. Lind, for defendant appellant.*

VAUGHN, Judge.

Defendant assisgns as error the trial court's failure to instruct the jury as to the definition of larceny. The defendant's exception is well taken. Although the trial court told the jury that the defendant was charged with felonious breaking and entering with the intent to commit larceny, the jury was never instructed as to the meaning of the term "larceny." Larceny is a legal term and not readily understood by the layman. *Cf. State v. Hickman,* 21 N.C. App. 421, 204 S.E. 2d 718 (1974) (trial court must define assault where defendant was charged with assault with a deadly weapon with intent to kill wherein serious injury was inflicted). Furthermore, larceny is an essential element of the crime of breaking and entering with the intent to commit larceny and must be explained to the jury. *State v. Elliott,* 21 N.C. App. 555, 205 S.E. 2d 106 (1974). In *Elliott,* this Court awarded a new trial for the failure of the trial court to define "larceny" in its instructions when defendant was being tried for breaking and entering with the intent to commit larceny. The facts in *Elliott* are quite similar to those in the present case, and here, as was done in that case, we must order a new trial.

Defendant was not represented by counsel at trial and argues, in essence, that he was entitled to court-appointed counsel. Since we conclude that defendant is entitled to a new trial on other grounds, we need not address that argument. Defendant has since been determined to be an indigent and is now represented by court-appointed counsel.

New trial.

Judges ARNOLD and WEBB concur.