STATE OF NORTH CAROLINA v. DONALD FOUST

No. 7818SC977

(Filed 20 February 1979)

**Burglary and Unlawful Breakings § 6— burglary case—intent to commit larceny—
failure of court to define larceny**

In a second degree burglary prosecution in which the indictment alleged
that defendant intended to commit larceny, the trial court erred in failing to
define the term "larceny" in its jury instructions.

APPEAL by defendant from *Wood, Judge.* Judgment entered
8 June 1978 in Superior Court, GUILFORD County. Heard in the
Court of Appeals 2 February 1979.

*Attorney General Edmisten, by Assistant Attorney General
Isham B. Hudson, Jr., for the State.*

*Assistant Public Defender Deno Economou, for the defend-
ant.*

MARTIN (Robert M.), Judge.

Defendant was indicted for first degree burglary, and was
ultimately tried (upon the State's election) for second degree
burglary, upon a proper indictment and after the warrant for ar-
rest was amended. From a conviction of second degree burglary
and a sentence of 30 to 40 years, defendant appeals, assigning
error to the instructions of the trial judge.

We find that defendant must have a new trial. He was
charged with second degree burglary, an offense under G.S. 14-51.
An essential element of that offense, as derived from the common
law, is the intent of the perpetrator to commit a felony after ac-
complishing the breaking and entering of a dwelling house belong-
ing to another in the nighttime. *State v. Whit*, 49 N.C. 349 (1857).
In the case before us, the indictment alleged that defendant's in-
tent was to commit larceny. The trial judge properly instructed
the jury that the State had the burden of proof on the issue of
defendant's intent. However, nowhere in the record does it ap-
pear that the trial court defined the term "larceny" in its instruc-
tions, an omission which was prejudicial to defendant and
erroneous under our case law. *See State v. Elliott*, 21 N.C. App.

555, 205 S.E. 2d 106 (1974). The conviction appealed from is vacated and the case is remanded for new trial.

New trial.

Judges MITCHELL and ERWIN concur.