STATE OF NORTH CAROLINA v. SAMUEL LEE SIMPSON

No. 117

(Filed 1 February 1980)

1. **Burglary and Unlawful Breakings § 7— first degree burglary—failure to sub-
mit lesser included offense—no error**

The trial court in a first degree burglary prosecution did not err in failing
to submit misdemeanor or nonfelonious breaking and entering as a permissible
verdict where the State's evidence positively identified defendant as the man
seen by the burglary victim in her home; defendant gained entrance to the oc-
cupied dwelling by opening a window which theretofore had been closed; a
television was missing from the home; when apprehended by one of the
burglary victims, defendant's first remark was that he did not take the televi-
sion; after further denials defendant led the victim to an alleyway and re-
moved the television from its hiding place; when apprehended, defendant had a
"white cloth" covering his head which was identified by the victims as a shirt
belonging to their daughter; defendant's evidence tended to show that he was
merely walking by the crime scene when one of the victims came out of the
dwelling and grabbed him, that he had never been in the dwelling in question,

State v. Simpson

and that he did not burglarize it; and there was no evidence of nonfelonious intent at the time of the breaking and entry.

**2. Burglary and Unlawful Breakings § 6.2— first degree burglary—felonious intent—instructions proper**

The trial court in a first degree burglary case properly defined intent as a mental attitude which could be inferred from the act of larceny itself, the nature and conduct of defendant, and other relevant circumstances.

**3. Burglary and Unlawful Breakings § 6.3— first degree burglary—underlying felony of larceny—failure to define not erroneous**

The use of the word "larceny" as it is commonly used and understood by the general public was sufficient in this case to define for the jury the requisite felonious intent needed to support a conviction of burglary, and there was no reasonable possibility that failure to define "larceny" contributed to defendant's conviction or that a different result would have likely ensued had the word been defined.

**4. Burglary and Unlawful Breakings § 6.3— first degree burglary—underlying felony of larceny—necessity for definition**

The decision of the Court of Appeals in *State v. Foust*, 40 N.C. App. 71, holding that the court's failure in a burglary case to define the term larceny in its instructions is "an omission which [is] prejudicial to defendant and erroneous under our case law" is too broad, since the failure to define larceny in burglary cases in which larceny is specified as the felony the accused intended to commit is not always prejudicial and does not invariably require a new trial; rather, the extent of the definition required depends upon the evidence in the particular case.

DEFENDANT appeals from judgment of *Allen, J.*, 9 April 1979 Criminal Session, MECKLENBURG Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with first degree burglary on 3 February 1979 by entering the occupied dwelling of Cynthia and Robert Johnson located at 2944 Reid Avenue in Charlotte in the nighttime with the intent to commit a felony therein, to wit, larceny.

The State's evidence tends to show that around 5:30 a.m., on 3 February 1979, Cynthia Johnson was awakened by a man kneeling beside her bed with his hand under the cover on her person. She opened her eyes and saw a bald-headed man with a beard and with a white cloth on his head. The man arose, looked at her, and walked out of the room. Mrs. Johnson awakened her husband, Roger Johnson, who immediately went into the living room and noted that the doors were still locked but that one window, theretofore closed, was open and the television was missing. Mr.

Johnson went to the door and saw a man running down the street. The man then turned around and started coming back toward the Johnson house. The man had his head covered with a white cloth in a manner identical to the man who had been in the Johnson house. Mr. Johnson went outside and grabbed the man who spontaneously said that he did not take the television. That man was the defendant. A neighbor called police officers and defendant begged Mr. Johnson to let him go, saying he would take Mr. Johnson to the television. They walked down the street to an alleyway where the television was sitting behind an old car. Defendant carried it part of the way back to the Johnson house, put it down and tried to run away. Officers who had arrived on the scene placed him under arrest. The "white cloth" covering defendant's head was identified by Mr. and Mrs. Johnson as a shirt belonging to their two-year-old daughter. At trial, Mrs. Johnson identified defendant as the man she saw in her bedroom when she was awakened.

Defendant testified that he had been walking up the street and "saw three dudes running down the street"; that he just kept on walking; that he saw a television sitting by a car but continued walking because he did not want to be involved. Defendant said he knew nothing about a burglary until Mr. Johnson grabbed him. He insisted that he did not burglarize the Johnson home and swore that he had never been in it. He admitted on cross-examination that he had been convicted of larceny from an automobile in 1954 and served four months; house breaking and larceny in 1954 and served one to two years; convicted of house breaking and larceny and served one to three years in 1956; of safecracking and robbery in South Carolina in 1958 for which he served time; of store breaking and larceny in 1965 for which he served three to five years; had been convicted of breaking and entering in 1971; that he served time for an escape from prison in 1971; and had been convicted of misdemeanor breaking and entering in 1977.

Defendant was convicted of first degree burglary and sentenced to life imprisonment. He appealed to the Supreme Court assigning errors discussed in the opinion.

*Rufus L. Edmisten, Attorney General, by Grayson G. Kelley, Associate Attorney, for the State.*

*Kermit D. McGinnis, Attorney for defendant appellant.*

HUSKINS, Justice.

[1]  The trial judge instructed the jury to return a verdict of guilty of first degree burglary or not guilty. Defendant contends the court erred in failing to submit misdemeanor or nonfelonious breaking and entering as a permissible verdict and this constitutes his first assignment of error.

Defendant argues that misdemeanor or nonfelonious breaking and entering is a lesser included offense of first degree burglary; that the distinguishing factor between first degree burglary and nonfelonious breaking and entering is the intent of the defendant at the time he broke and entered; that if the intent is nonfelonious, the breaking and entering could not constitute first degree burglary even though the building unlawfully entered during the nighttime was an occupied dwelling. According to defendant, there was evidence in the record of nonfelonious intent at the time of the breaking and entry. Defendant therefore contends that misdemeanor or nonfelonious breaking and entering is a lesser included offense of the crime charged which should have been submitted to the jury.

The constituent elements of burglary in the first degree are: (1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976). The bill of indictment in this case alleges that larceny was the felony defendant intended to commit.

Felonious intent is an essential element of burglary which the State must allege and prove, and the felonious intent proven must be the felonious intent alleged. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965).

". . . The particular felony which it is alleged the accused intended to commit must be specified. . . . The felony intended, however, need not be set out as fully and specifically as would be required in an indictment for the actual commission

of said felony, where the State is relying only upon the charge of burglary. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent . . . to commit therein the crime of larceny, rape, or arson. [Citations omitted.]" *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923). *Accord, State v. Wells*, supra.

The trial court is required to submit lesser included degrees of the crime charged in the indictment when and only when there is evidence of guilt of the lesser degrees. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971). The presence of such evidence is the determinative factor. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954). Where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show the commission of a crime of lesser degree, the principle does not apply and it would be erroneous for the court to charge on the unsupported lesser degree. *State v. Griffin*, supra; *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971); *State v. Manning*, 221 N.C. 70, 18 S.E. 2d 821 (1942).

The record in this case contains no evidence tending to show that defendant may be guilty of a lesser included offense. The State's evidence positively identifies defendant as the man seen by Mrs. Johnson in her bedroom around 5:30 a.m. on the night of 3 February 1979. It further tends to show that he gained entrance to the occupied dwelling by opening a window which theretofore had been closed and that the television set was missing. When apprehended by Mr. Johnson, defendant's first remark was that he did not take the television set. However, after further denials he led Mr. Johnson to an alleyway and removed the television from its hiding place behind an old car. When apprehended, defendant had a "white cloth" covering his head which was identified by Mr. and Mrs. Johnson as a shirt belonging to their two-year-old daughter. Thus, the State's evidence strongly supports the charge that defendant broke and entered in the nighttime the occupied dwelling of the Johnsons with intent to commit the felony of larceny therein and, in fact, stole the television and carried it away. On the other hand, defendant's evidence tends to show that he was merely walking by the Johnson dwelling when Mr. Johnson came out and grabbed him; that he had never been in the Johnson home and did not burglarize it. There is not a scintilla of

evidence from which the jury could find defendant guilty of nonfelonious breaking and entering, and the court properly refused to instruct the jury with reference thereto. An unexplained breaking and entering into a dwelling house in the nighttime is in itself sufficient to sustain a verdict that the breaking and entering was done with the intent to commit larceny rather than some other felony. *State v. Hedrick*, 289 N.C. 232, 221 S.E. 2d 350 (1976); *State v. Accor and Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970). Thus, defendant was either guilty of burglary in the first degree or not guilty of any offense triable under the bill of indictment. If he committed an assault upon Mrs. Johnson as the State's evidence tends to show, that constitutes a *separate offense*, not a lesser included degree of burglary, the crime charged in the bill of indictment. This assignment of error is overruled.

Defendant next contends the court erred in its jury instructions by failing to define burglary correctly in that: (1) it failed to define "intent" and (2) it failed to define "larceny." This constitutes defendant's second assignment of error. For reasons which follow, we hold the assignment has no merit.

[2] The court instructed the jury that burglary in the first degree "is the breaking and entering of the occupied dwelling house of another without his or her consent in the nighttime with the intent to commit larceny." This definition of burglary is correct. "The crime of burglary is complete when one person breaks and enters the occupied dwelling of another, in the nighttime, with the requisite ulterior intent to commit the felony designated in the bill of indictment . . . ." *State v. Allen*, 297 N.C. 429, 255 S.E. 2d 362 (1979). *Accord, State v. Wells, supra; State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974).

With respect to defendant's intent the court charged as follows:

"Now I charge for you to find the defendant guilty of burglary in the first degree, the State must prove . . . that at the time of the breaking and entering, the defendant intended to commit larceny. Now a person acts intentionally for the purpose of this crime when it is his intent to commit larceny. An intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances [from] which [intent] may be inferred. An intent

to commit larceny may be inferred from the act itself, the nature and conduct of the defendant, and other relevant circumstances which you find from the evidence that has been tendered here in the last few days."

We think the charge on felonious intent was sufficient to enable the jury, in its deliberations, to arrive at a verdict with a correct understanding of the law relative to felonious intent. The primary purpose of a charge is to aid the jury in arriving at a correct verdict according to law. *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484 (1948). "The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, and to bring into view the relation of the particular evidence adduced to the particular issue involved." *State v. Friddle*, 223 N.C. 258, 25 S.E. 2d 751 (1943). *Accord, State v. Frank*, 284 N.C. 137, 200 S.E. 2d 169 (1973). We hold that the charge on intent complies with that objective.

[3] Assuming *arguendo* that the court's failure to define larceny was erroneous, which is not conceded, we hold that such failure was not prejudicial on the facts of this case.

The whole thrust of the State's evidence revolves around the theft of the television set. When Mr. Johnson grabbed defendant in the street in front of the Johnson residence, "the first thing that he said was that he didn't have my t.v." After further denials defendant led Mr. Johnson to the television in an alleyway beside an old car. In his own testimony, defendant denied taking the television. He testified that on the night in question he saw "three dudes" run down the street and turn into the alley where the television was found, thus leaving the inference that the "three dudes" had stolen the television. In our view, no juror could have listened to the testimony regarding the removal and return of the Johnson television set without understanding that the word "larceny" referred to the theft of that television.

Defendant was on trial for burglary—not larceny. Intent to commit larceny is the *felonious intent* supporting the charge of burglary. In this context, the court in defining felonious intent used the word "larceny" as a shorthand statement of its definition, *i.e.*, to steal, take and carry away the goods of another with the intent to deprive the owner of his goods permanently and to

convert same to the use of the taker. In the instant case, the jury did not need a formal definition of the term "larceny" to understand its meaning and to apply that meaning to the evidence. The use of the word "larceny" as it is commonly used and understood by the general public was sufficient in this case to define for the jury the requisite felonious intent needed to support a conviction of burglary. *See generally, State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970). There is no reasonable possibility that failure to define "larceny" contributed to defendant's conviction or that a different result would have likely ensued had the word been defined.

[4]  In our opinion, the decision of the Court of Appeals in *State v. Foust,* 40 N.C. App. 71, 251 S.E. 2d 893 (1979), a burglary case, holding that the court's failure to define the term larceny in its instructions is "an omission which [is] prejudicial to defendant and erroneous under our case law," is too broad. The failure to define larceny in burglary cases in which larceny is specified as the felony the accused intended to commit is not *always* prejudicial and does not *invariably* require a new trial. The extent of the definition required depends upon the evidence in the particular case. *State v. Spratt,* 265 N.C. 524, 144 S.E. 2d 569 (1965). "In some cases, as where the defense is an alibi or the evidence develops no direct issue or contention that the taking was under a bona fide claim of right or was without any intent to steal, 'felonious intent' may be simply defined as an 'intent to rob' or 'intent to steal.' On the other hand, where the evidence raises a direct issue as to the intent or purpose of the taking, a more comprehensive definition is required." *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1965) (citations omitted). So it is also with respect to when, and to what extent, the word larceny must be defined and explained in burglary cases. In the case before us, there was no necessity for any definition or explanation of the word "larceny" because there was no evidence suggesting the television was borrowed, or taken for some temporary purpose, or otherwise negating a taking with felonious intent to steal. Defendant's second assignment of error is overruled.

Finally, defendant contends the court committed reversible error by erroneously recapitulating portions of the evidence in its jury instructions. We have reviewed the entire charge and, in our view, the slight variations or inadvertences in the recapitulation

are immaterial. In any event, defendant did not object at trial to the recapitulation. "[I]t is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal." *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970) and cases cited therein.

Evidence of defendant's guilt is plenary and persuasive. He has failed to show prejudicial error on this appeal. The verdict and judgment must therefore be upheld.

No error.