**Samuel Lee SIMPSON, Petitioner,**

v.

**Sam P. GARRISON and Rufus L. Edmisten, Attorney General of North Carolina, Respondents.**

No. C–C–80–389–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 30, 1982.

Samuel Lee Simpson, pro se.

Barry McNeill, Associate Atty. Gen. of North Carolina, Raleigh, N.C., for respondents.

## FINAL ORDER OF DISMISSAL

POTTER, District Judge.

Samuel Lee Simpson, Petitioner, is a state prisoner seeking habeas corpus relief for his April 9, 1979 conviction of first degree burglary in the Superior Court for Mecklenburg County, for which he received a sentence of life imprisonment. For the reasons set out below, this Court finds no merit in any of Petitioner's contentions and herein grants the Attorney General's Motion to Dismiss.

### I.

In this petition for a writ of habeas corpus, Petitioner raises four grounds which he argues entitle him to relief: (1) the trial court did not instruct the jury on the lesser-included offense of breaking and entering; (2) the trial court failed to correctly define burglary; (3) the trial court recited evidence to the jury; and (4) the evidence was insufficient to sustain his conviction. On direct appeal, the Supreme Court of North Carolina substantially reviewed these contentions and found no error. *North Carolina v. Simpson,* 299 N.C. 377, 261 S.E.2d 661 (1980). Consequently, this Court finds that Petitioner has properly exhausted his state court remedies as required by 28 U.S.C. § 2254 and is entitled to this Court's substantive review.

As reflected in the record, the evidence presented at trial tends to show, *inter alia,* the following: Petitioner was positively identified by one Mrs. Johnson as the man she saw in her bedroom around 5:30 a.m. on February 3, 1979 (R. pp. 7–8); Petitioner was apprehended by Mr. Johnson outside the Johnson home, and at that time Petitioner had on his head a white cloth identified by the Johnsons as being a shirt belonging to their daughter (R. pp. 19, 8); Petitioner, after being apprehended, at first denied knowledge of the missing television set, but then led Mr. Johnson to an alleyway where the Johnson's television was hidden and requested Mr. Johnson to let him go before the police arrived. (R. pp. 19–20).

## II.

■ Petitioner has received a trial by jury and substantive review of his trial and conviction by the Supreme Court of North Carolina. Almost word for word, Petitioner presents in this federal habeas corpus petition the same issues which the Supreme Court of North Carolina reviewed and discussed in its opinion on his direct appeal. At the outset, this Court points out that "the role of a federal habeas corpus petition is not to serve as an additional appeal." *Grundler v. North Carolina,* 283 F.2d 798, 802, *cert. denied,* 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738 (1960); *accord, Faust v. North Carolina,* 307 F.2d 869 (1962), *cert. denied,* 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963); *Gemmel v. Buchkoe,* 358 F.2d 338 (6th Cir.), *cert. denied,* 385 U.S. 962, 87 S.Ct. 404, 17 L.Ed.2d 307 (1966). Additionally, with regard to all four of Petitioner's contentions, which relate to jury instructions and the sufficiency of the evidence, this Court notes the general rule set out in *Grundler, supra,* that

> Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific

constitutional protections that a federal question is presented.

Relying on *Grundler,* the Fourth Circuit reiterated this general rule in *Chance v. Garrison,* 537 F.2d 1212, 1215 (4th Cir.1976), stating that "matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief."

■ Upon reviewing the entire record, this Court is inclined to hold outright that all of the contentions presented by Petitioner raise merely issues of state law and do not involve "circumstances impugning fundamental unfairness or infringing specific constitutional protections" so as to present a federal question. *Grundler, supra,* at 802. With regard to the rule that the failure of a state judge to give an instruction on lesser included offenses is not a federal question reviewable in a habeas petition, see *Easter v. Estelle,* 609 F.2d 756, 758 (5th Cir.1980); *Cooper v. Campbell,* 597 F.2d 628, 631 (8th Cir.1979); *James v. Reese,* 546 F.2d 325, 327 (9th Cir.1976); *Grech v. Wainwright,* 492 F.2d 747, 748 (5th Cir.1974). *But, compare, Davis v. Greer,* 675 F.2d 141, 143 (7th Cir. 1982) (citing authorities that 6th, 7th, and 8th Circuits will review failure to instruct on lesser offenses if such failure results in depriving Petitioner of due process.) However, the Supreme Court's recent opinion in *Hopper v. Evans,* —— U.S. ——, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), draws into serious question the continued validity of the rule stated in the above line of cases: that the failure to give lesser-included offenses instructions in state trials does not raise a federal issue reviewable in habeas corpus proceedings. In *Hopper,* the Supreme Court reviewed *on the merits* the claim of a state habeas corpus petitioner that he had been denied due process when the state trial judge failed to instruct the jury on a lesser-included offense. The Supreme Court's substantive review in *Hopper* went so far as to analyze the Alabama state rule for instructing on lesser-included offenses and to compare it with the rule in federal cases as previously stated in *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993,

1995, 36 L.Ed.2d 844 (1972).[1] After reviewing the evidence in that case, the Supreme Court concluded that a lesser-included offense instruction was "not warranted." —— U.S. at ——–——, 102 S.Ct. at 2053–54.

Thus, in light of *Hopper,* this Court feels compelled to review on the merits Petitioner's contention with regard to his right to a lesser-included instruction.

 First, with regard to Petitioner's claim that there was insufficient evidence to support a conviction of first degree burglary, this court finds no merit. The evidence presented at trial—which included the identification of Petitioner as the man inside the house; his immediate capture with an article of clothing from inside the house on his head; his knowledge of the hiding place of the stolen television, and his requests to be let free before the police arrived—was more than sufficient to enable a rational trier of fact to find the essential elements of first degree burglary beyond a reasonable doubt.[2] *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

With regard to Petitioner's claim that he was entitled to a lesser-included instruction, the Supreme Court of North Carolina in its opinion on Petitioner's appeal stated the North Carolina rule to be as follows:

> The trial court is required to submit lesser included degrees of the crime charged in the indictment when and only when there is evidence of guilt of the lesser degrees.... Where all the evidence tends to show that the crime charged in the indictment was committed, and there

is no evidence tending to show the commission of a crime of lesser degree, the principle does not apply and it would be erroneous for the court to charge on the unsupported lesser degree. *North Carolina v. Simpson,* 299 N.C. 377, 381, 261 S.E.2d 661 (1979).

The federal standard, not substantially different, holds that a "defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1972); *see also, Hopper v. Evans,* —— U.S. ——, ——, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982). The evidence in Petitioner's case clearly supported the additional elements of the burglary offense—that Petitioner entered the dwelling house with the intent to commit larceny therein. Petitioner was seen in the house, he was captured with a shirt taken from the house, and he led the owner of the house to the hiding place of the television set. Indeed, if anything, the state's evidence, both direct and circumstantial, was stronger as to the larceny aspects of the crime as opposed to the element of breaking, which could only be inferred from Petitioner's presence in the house after all doors and windows had been closed for the evening. Based upon this evidence, and using all proper available inferences, a rational jury would not have acquitted Petitioner of the greater offense of burglary and convicted him of the lesser-included offense of breaking and entering. Consequently, this Court finds that Petitioner

---

1. As the Supreme Court stated in *Hopper,*

 Under Alabama law, the rule in non-capital cases is that a lesser-included offense instruction should be given if "there is any reasonable theory from the evidence which would support the position." *Fulghum v. State,* 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). The federal rule is that a lesser-included offense instruction should be given "if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). The Ala-

 bama rule clearly does not offend federal constitutional standards, and no reason has been advanced why it should not apply in capital cases.

 —— U.S. at ——, 102 S.Ct. at 2052.

2. As the state judge instructed at Petitioner's trial, the elements of first degree burglary in North Carolina are: (1) a breaking; (2) an entering; (3) of a dwelling house; (4) without the consent of the lawful tenants; (5) at night; (6) with the intent to commit larceny therein; and (7) that the dwelling was occupied by the tenants at the time. (R. pp. 39–40).

was not denied due process of law by the trial judge's failure to instruct the jury on the lesser offense of breaking and entering.

 With regard to Petitioner's contention that the trial court erred in not defining "larceny" or "intent" this Court likewise finds no merit. Even if it could be said that such a claim raises a federal issue, and this Court holds that it does not, there could have been no prejudicial error. A rational jury of common sense could clearly have understood the judge's charge to mean that an element of the crime of burglary was that the defendant had the specific intent to steal something from inside the house. In the context of the crime charged and the manner in which they were presented to the jury in the court's instructions, the terms "larceny" and "intent" would have been sufficiently understood by the jury to afford Petitioner due process of law.

Finally, with regard to Petitioner's claim that the trial court improperly restated the evidence to the jury, this Court finds no basis for relief. The remarks were never objected to at trial, and even if they had been, a review of the record leads this Court to the same conclusion reached by the North Carolina Supreme Court that "the slight variations or inadvertences in the recapitulation are immaterial." *North Carolina v. Simpson*, 299 N.C. at 384–85, 261 S.E.2d 661.

Therefore, having reviewed the record and considered each of Petitioner's claims this Court finds the Petitioner is not entitled to the relief sought, and HEREBY ORDERS that the writ of habeas corpus be denied and that the Attorney General's Motion to Dismiss the petition be granted.

Petitioner is advised that he may appeal *in forma pauperis* from this *final* Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. Said *written* notice of appeal must be received by the Clerk within thirty (30) days from the date of filing of this final Order, and may be filed without the prepayment of costs or the giving of security therefor. The Court will allow a certificate of probable cause in this case for purposes of appeal.